**Reverse and Remand and Opinion Filed April 11, 2022**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00944-CV

**RICHLAND TRACE OWNERS ASSOCIATION, Appellant**
**V.**
**LANDMARK AMERICAN INSURANCE COMPANY, VERICLAIM, INC.
AND JASON ROBERTS KEEN, Appellees**

**On Appeal from the 95th District Court
Dallas County, Texas
Trial Court Cause No. DC-20-02854**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Nowell

In this lawsuit, appellant Richland Trace Owners Association seeks damages for breach of contract, violations of the Texas Insurance Code, and common-law bad faith along with a request for declaratory judgment. Richland Trace appeals an adverse summary judgment entered in favor of appellees Landmark American Insurance Company, Vericlaim, Inc., and Jason Roberts Keen. In two issues, Richland Trace argues the trial court erred by granting appellees' traditional motion for summary judgment. We reverse the trial court's judgment and remand this cause for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

Richland Trace is a condominium community consisting of approximately twenty buildings. Landmark issued two insurance policies to Richland Trace that are relevant to this lawsuit: (1) Policy LHD421652, which was in effect from January 5, 2016 through January 5, 2017 (the 2016 Policy), and (2) Policy LHD422499, which was in effect from January 5, 2017 through January 5, 2018 (the 2017 Policy). In 2017, Richland Trace made a claim that a March 26, 2017 hail storm caused damage to its property; the claim was made pursuant to the 2017 Policy.

Vericlaim served as Landmark's adjuster, and Keen, an adjuster employed by Vericlaim, adjusted Richland Trace's 2017 claim. When Richland Trace and Landmark were unable to agree about the amount of loss caused by the March 2017 storm, Richland Trace invoked the 2017 Policy's appraisal provision, which states:

> If [Landmark] and [Richland Trace] disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. . . . The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.
>      . . .
> If there is an appraisal, [Landmark] will still retain [its] right to deny the claim.

Richland Trace appointed Frank Molina as its appraiser, and Landmark appointed Rondi Perry. Molina and Perry conducted the appraisal in February 2018. The appraisers agreed on the amount of loss; therefore, an umpire was not necessary. Both appraisers signed the Appraisal Award:

–2–

## APPRAISAL AWARD

**Insured:**

Richland Trace Owners Association
9801 Walnut Street
Dallas, Texas 75243

**Insurer:**

Landmark American Insurance Company
C/O Jason Keen
Vericlaim, Inc
4004 Belt Line Road, Suite 205
Addison, TX 75001

**Cause:** Hail and Wind
**Claim Number:** 70300110079

**Reported Date of Loss:** March 26, 2017
**Policy Number:** LHD422499

**Property Description/Address:** Richland Trace Condominiums, 9801-9849 Walnut Street, Dallas, Texas 75243

We, the undersigned, pursuant to our appointment, DO HEREBY CERTIFY that we have mutually, conscientiously and impartially performed the duties assigned us in accordance with the appraisal provision of the policy, agreeably to the forgoing stipulations, and have appraised and determined and do hereby award, as to the amount of loss due to the above name Insured the following sums to wit:

| ITEM | RCV | ACV |
|---|---|---|
| Property repairs in accordance with the attached detailed cost estimate. | $92,586.15 | $62,665.82 |

*Clarifications:* The above scope of work and dollar amounts represents the entire loss as a result of the subject hailstorm. The above amounts include applicable sales tax and contractors' overhead and profit. The above sums are the total dollar amounts of the claim and are subject to all of the terms and conditions of the subject policy. Any advanced payments, deductibles, or co-insurance contributions should be deducted from the total amounts, if applicable.

**Witness our hands:**

Appraiser for the Insured: _____ Date: 2-27-18
Frank Molina

Appraiser for the Insurer: _____ Date: February 27, 2018
Rondi W. Perry, R.R.C., G.R.P.

Umpire: _____ Date: _____

The applicable deductible for the loss was $100,000. Because the appraised amount of the loss did not exceed the deductible, Landmark did not pay any benefits under the 2017 Policy. Richland Trace did not contest the Appraisal Award.

Richland Trace filed its original petition on February 20, 2020, and alleged its property was covered by three Landmark insurance policies numbered LHD422499, LHD421652, and LHD420748. Richland Trace asserted that, as a consequence of "a storm," its property sustained extensive damage, it gave notice of the loss to Landmark, Landmark assigned the claim to an adjuster to report on and adjust the loss, and Landmark failed to pay in accordance with its policy. Richland Trace further alleged that Keen, the adjuster, knew the damage to its property predated the March 2017 storm. The original petition states: "Had Keen performed even the most cursory inspection typically performed by an insurance adjuster by accessing hail fall data for the property, Keen would have discovered that the likely date of hail damage to the roofs was March 23, 2016, a date for which Landmark insured Plaintiff's property under a prior policy."

In its first amended pleading filed in April 2020, Richland Trace maintains the Appraisal Award only includes damage from the March 2017 storm. It alleges its property also sustained extensive damage as a result of a storm on March 23, 2016, and that damage is subject to coverage under the 2016 Policy. However, Richland Trace asserts, Landmark has refused to pay the claim made pursuant to the 2016 Policy.

Appellees moved for summary judgment on the ground that the Appraisal Award forecloses Richland Trace's claims under the 2016 and 2017 Policies. Appellees argue the Appraisal Award bars Richland Trace's claims in this suit

because the award determined that the amount and extent of Richland Trace's loss fell below its deductible, and the court must enforce the binding Appraisal Award. Appellees argue any hail damage that occurred before March 2017 would have been present when the appraisal was conducted, the appraisers were responsible for assessing and valuing all existing hail damage, and loss for all hail damage was included in the Appraisal Award. In response, Richland Trace argues the Appraisal Award only accounted for damage caused by the March 2017 storm and did not include damage resulting from the March 2016 storm.

LAW & ANALYSIS

### A.      Standard of Review

We review the trial court's grant of summary judgment de novo. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). A traditional motion for summary judgment requires the moving party to show no genuine issue of material fact exists and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lujan*, 555 S.W.3d at 84. When reviewing a motion for summary judgment, a court considers the evidence in the light most favorable to the nonmovant and indulges every reasonable inference and resolves any doubts in the nonmovant's favor. *BPX Operating Co. v. Strickhausen*, 629 S.W.3d 189, 196 (Tex. 2021). When reviewing the grant of summary judgment, we credit evidence favoring the non-movant, indulging every reasonable inference and resolving all doubts in their favor. *Lujan*, 555 S.W.3d at 84. A defendant may obtain summary judgment by negating one of

–5–

the elements of the plaintiff's cause of action or by conclusively proving all of the elements of an affirmative defense. *Stanfield v. Neubaum*, 494 S.W.3d 90, 96 (Tex. 2016). If the defendant produces evidence demonstrating summary judgment is proper, the burden shifts to the plaintiff to present evidence creating a fact issue. *Id.* at 97.

### B.     Law Governing Appraisals

The appraisal process resolves the issue of damage caused by a specific occurrence. *See State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 893 (Tex. 2009). Setting the amount of loss "requires appraisers to decide between damages for which coverage is claimed from damages caused by everything else." *Id.* "Although every reasonable presumption will typically be made in favor of an appraisal award, when reviewing a summary judgment proceeding, that rule must yield to the degree its application conflicts with the presumptions required to be made in favor of a nonmovant." *Wells v. Am. States Preferred Ins. Co.*, 919 S.W.2d 679, 683 (Tex. App.—Dallas 1996, writ denied); *see also Richardson v. Allstate Tex. Lloyd's*, No. 05-06-00100-CV, 2007 WL 1990387, at *3 (Tex. App.—Dallas July 11, 2007, no pet.) (mem. op.) (same).

Appraisal awards contractually resolve the amount of the covered loss when disputed by insurers and insureds. *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 132 (Tex. 2019). "[A]n enforceable appraisal award . . . is binding on the parties with respect to that amount." *Id.*

Because the appraisal process is contractual in nature, we apply traditional contract interpretation principles when reviewing the Appraisal Award. Contract construction presents a question of law that we review de novo. *Sundown Energy LP v. HJSA No. 3, Ltd. P'ship*, 622 S.W.3d 884, 888 (Tex. 2021). "When construing a contract, the court's primary concern is to give effect to the written expression of the parties' intent." *Id.*; s*ee also URI, Inc. v. Kleberg Cnty.*, 543 S.W.3d 755, 763–64 (Tex. 2018) ("When a contract's meaning is disputed, our primary objective is to ascertain and give effect to the parties' intent as expressed in the instrument."). Objective manifestations of intent control, and we presume parties intend what the words of their contract say and interpret contract language according to its plain, ordinary, and generally accepted meaning unless the instrument directs otherwise." *URI*, 543 S.W.3d at 764 (internal quotation marks omitted). Words must be construed "in the context in which they are used," *Sundown Energy*, 622 S.W.3d at 888, which encompasses "the circumstances present when the contract was entered," *URI*, 543 S.W.3d at 764. Equally important, we avoid construing contracts in a way that renders contract language meaningless. *Sundown Energy*, 622 S.W.3d at 888.

Whether a contract is ambiguous is a question of law. Nettye Engler Energy, LP v. BlueStone Nat. Res. II, LLC, 639 S.W.3d 682, 690 (Tex. 2022). If a contract has a certain and definite meaning, the contract is unambiguous, and we construe it as a matter of law and enforce it as written. *Id.* A contract subject to more than one reasonable interpretation is ambiguous, giving rise to a fact issue regarding the

parties' intent. *Id.* A contract may be ambiguous even if the parties agree it is not. *Id.* Here, although the parties advance different constructions of the Appraisal Award and Landmark Trace relies, in part, on deposition testimony to support its preferred construction, we conclude the Appraisal Award is not ambiguous.[1]

### C.    Analysis

In its first issue, Richland Trace argues the trial court erred by granting appellees' motion for summary judgment on the ground that the Appraisal Award precluded any recovery for losses caused by the 2016 storm.

Appellees rely on the legal principles that payment of an appraisal award forecloses an insurer's liability for breach of contract and common law and statutory bad faith claims unless the insured suffered an independent injury. *See Biasatti v. GuideOne Nat'l Ins. Co.*, 601 S.W.3d 792, 794 (Tex. 2020) (per curiam); *see also Ortiz*, 589 S.W.3d at 129 (holding the insurer's payment of an appraisal award "bars the insured's common law and statutory bad faith claims to the extent the only actual damages sought are lost policy benefits"). Appellees maintain the Appraisal Award accounted for any damage sustained as a result of the 2016 <u>and</u> 2017 storms, the damage caused by those two storms was valued at less than Richland Trace's deductible, and the Appraisal Award forecloses Richland Trace's claims. As the

---

[1] Because the Appraisal Award is not ambiguous, we do not consider the deposition testimony included in the summary judgment record. *See Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 480 (Tex. 2019) ("When a court determines that a contract is ambiguous, the meaning becomes a fact issue for the jury and extraneous evidence may be admitted to help determine the language's meaning.").

movants, appellees bore the burden to prove there was no genuine issue of material fact as to whether the Appraisal Award accounted for all hail damage to Richland Trace's property as a result of the March 2016 and March 2017 storms. *See* Tex. R. Civ. P. 166a(c) (summary judgment standard). Appellees failed to carry this burden.

We begin with the most important consideration when interpreting any contract: the plain meaning of the Appraisal Award's operative language. *See Endeavor Energy Res., L.P. v. Energen Res. Corp.*, 615 S.W.3d 144, 149 (Tex. 2020). The Appraisal Award states the reported date of loss is March 26, 2017, states the cause is "Hail and Wind," and lists the 2017 Policy number. The appraisers certified they "performed the duties assigned to us in accordance with the *appraisal provision of the policy*." (emphasis added). The only policy referenced in the Appraisal Award is the 2017 policy. The clarification paragraph states in relevant part: "The above scope of work and dollar amounts represents the entire loss as a result of *the subject hailstorm. . .* The above sums are the total dollar amounts of *the claim* and are subject to all of the terms and conditions of *the subject policy*." (emphasis added).

The Appraisal Award reflects the loss caused by a singular hailstorm, the "subject hailstorm," and subject to a singular policy, the listed 2017 Policy. The only hailstorm listed on the Appraisal Award is the March 2017 storm, which would logically be the "subject hailstorm." The references to a singular storm and a singular policy in the Appraisal Award are consistent with the supreme court's

–9–

pronouncements that the appraisal process resolves the issue of damage caused by a specific occurrence and setting the amount of loss "requires appraisers to decide between damages for which coverage is claimed from damages caused by everything else." *Johnson*, 290 S.W.3d at 893. In this case, the specific occurrence is the 2017 hailstorm, and the appraisers determined the amount of loss caused by that storm as opposed to the amount of loss caused by everything else, including prior hailstorms.

Considering the Appraisal Award in the light most favorable to Landmark Trace and indulging every reasonable inference and resolving any doubts in its favor, we conclude the Appraisal Award only describes losses claimed under the 2017 Policy for a single wind and hail event that occurred on March 26, 2017. Interpreting the Appraisal Award's language according to its plain, ordinary, and generally accepted meaning, we conclude appellees failed to conclusively prove the Appraisal Award accounts for any loss that Richland Trace's property suffered as a result of the March 2016 hailstorm. As a result, appellees have not shown they are entitled to summary judgment on Richland Trace's claims as alleged in its amended original petition. We sustain Richland Trace's first issue.

Appellees' second ground for summary judgment is that Richland Trace is barred from any recovery for damages caused by the March 2016 storm because Richland Trace failed to provide prompt notice that it was making a claim under the 2016 Policy, and Landmark was prejudiced by that lack of notice. In its second issue, Richland Trace argues the trial court erred by granting Landmark's motion for

summary judgment because Landmark had the burden of proof on its defense that the notice of loss was untimely for the 2016 storm and Landmark failed to meet this burden.

"[A]n insured's failure to timely notify its insurer of a claim or suit does not defeat coverage if the insurer was not prejudiced by the delay." *PAJ, Inc. v. Hanover Ins. Co.*, 243 S.W.3d 630, 636–37 (Tex. 2008). "[A]n immaterial breach does not deprive the insurer of the benefit of the bargain and thus cannot relieve the insurer of the contractual coverage obligation." *Id.* at 631 (citing *Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691, 692 (Tex.1994)); *see also Prodigy Communications Corp. v. Agric. Excess & Surplus Ins. Co.*, 288 S.W.3d 374, 377 (Tex. 2009).

The 2016 Policy contains a prompt-notice provision. The 2016 Policy requires Richland Trace to provide "prompt notice of the loss or damage," including a description of the property involved, to Landmark and, "[a]s soon as possible, give [Landmark] a description of how, when and where the loss or damage occurred." Although appellees argue Richland Trace failed to give notice in a timely fashion, the record contains no evidence about when Richland Trace provided notice of the alleged loss or damage caused by the March 2016 storm. Even if we assume for purposes of this issue that the evidence shows Richland Trace did not timely give notice, there also is no evidence in the record that Landmark was prejudiced by any delay.

Accordingly, applying the relevant summary judgment standard, we conclude appellees did not carry their summary judgment burden to show Richland Trace failed to provide prompt notice and appellees were prejudiced by any delay. We sustain Richland Trace's second issue.

## D. Unaddressed Argument

Richland Trace argues the trial court erred by denying its request for a continuance. In light of our resolution of Richland Trace's two appellate issues, we need not address the continuance argument. *See* TEX. R. APP. P. 47.1.

CONCLUSION

We reverse the trial court's judgment and remand this cause to the trial court for further proceedings.

/Erin A. Nowell//

200944f.p05

ERIN A. NOWELL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RICHLAND TRACE OWNERS
ASSOCIATION, Appellant

No. 05-20-00944-CV     V.

LANDMARK AMERICAN
INSURANCE COMPANY,
VERICLAIM, INC. AND JASON
ROBERTS KEEN, Appellees

On Appeal from the 95th District
Court, Dallas County, Texas
Trial Court Cause No. DC-20-02854.
Opinion delivered by Justice Nowell.
Justices Myers and Osborne
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings.

It is **ORDERED** that appellant Richland Trace Owners Association recover its costs of this appeal from appellees Landmark American Insurance Company, Vericlaim, Inc., and Jason Roberts Keen.

Judgment entered this 11th day of April, 2022.